AO 91 (Rev. 08/09)  Criminal Complaint

FILED by_____D.C.

JUN 1 9 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No.  13-8305-DLB |
| ESMILDO BERTOT | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____June 18, 2013_____ in the county of _____Palm Beach_____ in the
_____Southern_____ District of _____Florida_____ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. §841(a)(1) | Possession with Intent to Distribute 100 or more Marijuana Plants |

This criminal complaint is based on these facts:

See attached affidavit.

☐ Continued on the attached sheet.

_____
*Complainant's signature*

_____Special Agent Victor Gobbi, DEA_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____06/19/2013_____

_____
*Judge's signature*

City and state: _____West Palm Beach, Florida_____

_____Magistrate Judge Dave Lee Brannon_____
*Printed name and title*

## AFFIDAVIT

Your affiant Victor Gobbi, first being duly sworn, does hereby depose and state as follows:

1.      Your affiant is a Special Agent assigned to the Miami Field Division, West Palm Beach Resident Office of the DEA.  I have been a Special Agent since 1999.  As a Special Agent with the United States Department of Justice, I am authorized to conduct criminal investigations of violations of Title 21 of the United States Code.  I have received extensive training in conducting narcotics investigations and in identifying the means and methods used by narcotic traffickers.  I have conducted or participated in numerous investigations which have resulted in narcotic seizures, arrests of individuals and their respective prosecutions.  Much of this training and experience has been directed at the detection, investigation, seizure and prosecution of individuals involved in the manufacture, possession and distribution of illegal drugs.

2.      The information contained in this affidavit is based on my own personal knowledge as well as information imparted to me from other law enforcement officers and agents.  This affidavit is submitted for the limited purpose of establishing probable cause of violations of Title 21, United States Code, Sections 841(a)(1) and (B)(v)(ii), by Esmildo BERTOT.  It does not purport to describe everything known to your affiant concerning the investigation.

3.      On June 14, 2013, Palm Beach County Circuit Court Judge Karen M. Miller signed a State search warrant for a single family residence located at 12705 83rd Lane North, West Palm Beach, Florida.

1

4.      On June 18, 2013, the Palm Beach County Sheriff's Office's (PBSO) S.W.A.T. team arrived at the 12705 83rd Lane North address. In an effort to have the occupants exit the residence, the S.W.A.T. team surrounded the residence and gave verbal commands over a loud speaker, in both English and Spanish for the occupant(s) of the residence to exit the home with their hands up. After multiple announcements were made with no response, S.W.A.T. team members breached the front door of the residence and found the defendant, BERTOT, inside the home putting his two pit bulls into a cage. BERTOT was the sole occupant in the residence.

5.      From the front yard of the residence, Agents could smell an overwhelming odor of raw cannabis coming from the home. In conducting a search of the home, Agents found that four rooms (one of rooms being the garage) were being used for the purpose of cultivating marijuana. Two of the "grow" rooms had mature/full grown plants, while the other two rooms had marijuana plants in various stages of growth, including juvenile plants. In total, there were approximately 213 plants with some form of a root system.

6.      In the garage (southeast corner of the residence) Agents located and seized approximately 40 marijuana plants and in a room on the northeast corner of the house, Agents located and seized approximately 40 marijuana plants. Those 80 plants were approximately 4 to 6 feet in height from each room. In a room located in the northwest corner of the residence Agents located and seized approximately 20 marijuana plants that were approximately 2-3 feet tall. In a room located on the southwest corner of the residence, Agents located and seized approximately 113

2

juvenile cannabis plants that ranged from a couple inches to approximately one and a half feet tall.

7.     All four of the rooms were being utilized to cultivate marijuana.  Agents located and seized samples of the common equipment used to cultivate marijuana indoors.  This equipment included high pressure sodium bulbs, light hoods, carbon filters, electrical ballasts, temperature and humidity gauges, duct work, heat pump, and irrigation equipment.

8.     Also located in the house was debris from previously harvested marijuana plants.  This included several large black trash bags containing the remains of previously harvested marijuana plants that were located in the living area, right next to the front door.

9.     Upon being taken into custody, BERTOT was read his Miranda rights from a PBSO rights card.  BERTOT stated he understood his rights, signed the rights card, and then gave a lengthy taped statement concerning his involvement in the marijuana grow operation.  As part of his statement, BERTOT told Agents that he was the sole owner of the marijuana grow and that he was renting the house.  BERTOT advised Agents that he set everything up himself and was growing the marijuana for resale.

10.     On the basis of the foregoing information, your affiant respectfully submits

that probable cause exists to charge Esmildo BERTOT with Possession with Intent to

Distribute in Excess of 100 Marijuana Plants, a Schedule I controlled substance, in

violation of Title 21, United States Code, Sections 841(a)(1) and (B)(v)(ii).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

VICTOR GOBBI
SPECIAL AGENT
U.S. DRUG ENFORCEMENT ADMINISTRATION


SWORN TO AND SUBSCRIBED BEFORE ME
THIS 19th DAY OF JUNE, 2013, IN WEST
PALM BEACH, FLORIDA.


DAVE LEE BRANNON
UNITED STATES MAGISTRATE JUDGE

4

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

No.     13-8305-DLB

### UNITED STATES OF AMERICA

vs.

### ESMILDO BERTOT

**Defendant.**

_____/

## CRIMINAL COVER SHEET

1.    Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?         _____ Yes    __X__ No

2.    Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?         _____ Yes    __X__ No


Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY:    _____
LAUREN E. JORGENSEN
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.   726885
500 S. Australian Ave, Ste. 400
West Palm Beach, Florida   33401
TEL (561) 820-8711
FAX (561) 820-8777